IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-00767-RPM

HEALTH GRADES, INC.,
a Delaware corporation doing business in Colorado,

        Plaintiff,

v.

SUSAN L. PROWS,

        Defendant.
_____

ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
_____

       On June 27, 2006, the Plaintiff filed a motion for protective order pursuant to Fed.R.Civ.P. 26(c) to prevent the deposition of Kerry R. Hicks, the President, Chief Executive Officer and Chairman of the Board of Health Grades, Inc. (Doc. #41). Attached to the motion is the affidavit of Kerry R. Hicks, denying any involvement in the decision to terminate the employment of Susan Prows.  The Plaintiff seeks relief on the ground that the deposition of Mr. Hicks would be cumulative and unnecessarily burdensome.  The defendant filed her response, asserting that a key element of her counterclaim for negligent misrepresentation is the decision to acquire the CYC tool and employees to support it, including Prows, through offers of an incentive compensation package and that decision was made at the highest management level. Ms. Prows also asserts that she received a stock option grant signed by Mr. Hicks.  In reply, the Plaintiff again denies that Mr. Hicks had any involvement in the hiring or firing of Ms. Prows.

       From the papers filed the Court understands that the purpose of deposing Kerry Hicks is what directions and instructions he may have given to the vice-presidents or other subordinates with respect to hiring FACCT employees in connection with the

asset purchase agreement and that may lend some support to the counterclaims. Whether Mr. Hicks has relevant information within the scope of Rule 26(b)(1) cannot be determined from the papers filed.

It is well recognized that making top level management available for a deposition may place an undue burden on a corporation's operations. That burden can be minimized by directing that the deposition be taken upon written questions, following the procedure in Fed.R.Civ.P. 31 and 32(d)(3)(c). Authority to require that procedure is` found in Rule 26(c)(3). Accordingly, it is

ORDERED, that the motion for protective order is granted in that the deposition of Kerry R. Hicks may only be taken upon written questions under Rule 31.

Dated: August 8th , 2006.

> BY THE COURT:
>
> s/Richard P. Matsch
>
> _____
> Richard P. Matsch, Senior District Judge